IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED

2007 JUN -b  A II: 01

AMY CARPENTER,
    Plaintiff,

      :
      :
      :

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

V.

: CASE NO: 3:07-CV-501-WKW

:

REGIS CORP. INC.,
    Defendant.

      :
      :
      :

**DEMAND FOR JURY TRIAL**

## COMPLAINT

## JURISDICTION

1.  This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000E *et seq* 42 U.S.C §1981 *et seq.*
2.  The Court has subject matter jurisdiction under 28 U.S.C. §1331.
3.  The unlawful employment practices alleged herein were committed in the Middle District of Alabama.

## PARTIES

4.  Plaintiff, Amy Carpenter, is an individual over the age of 19 years and citizen and resident of the United States. At all times relevant hereto, the Plaintiff was a resident of Lee County, Alabama, in the Middle District of Alabama. Plaintiff's residence is P.O. Box 2254, Opelika, Alabama, 36803.
5.  Defendant, Regis Corp, Inc. (hereinafter "Regis") is on information and belief, a Minnesota Corporation, authorized to do business within the Middle District of Alabama and otherwise meeting the definitional requirements of 42 U.S.C.§ 2000e.

## CONDITIONS PRECEDENT

6.  Plaintiff has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("E.E.O.C"), alleging discrimination on the basis of her race and retaliatory discharge.
7.  Plaintiff received a Notice of Right-to-Sue from the E.E.O.C. and this action was instituted within ninety (90) days of receipt by Plaintiff of said Notice of Right-to-Sue, a copy of said notice is attached hereto and marked as "Exhibit A".

## FACTS

8.  Plaintiff is an African-American female who was employed by Regis at several of its' "Hair Masters" stores in Lee County, Alabama. Plaintiff alleges that management for the "Hair Masters" stores created a hostile work environment for African-American employees.

9.  On or about July 1, 2006, Defendant, Regis, promoted a Caucasian employee to salon manager, though Plaintiff had applied for the same position and alleges that Plaintiff was more qualified for the position. Ten days later, the Caucasian employee resigned and Plaintiff was promoted to the manager position. Approximately one month later, Defendant demoted the Plaintiff with out cause and put a Caucasian female manager in her place. This occurred on or about August 10, 2006. At the time Plaintiff was demoted, her manager, Lisa Burdette, accused Plaintiff of attracting "low class clients" meaning African-American clients, to the salon.

10. Plaintiff was then transferred to another store location by Defendant, Regis, and refused to allow Plaintiff to take her "ethnic hair products" with her to her new location, therefore making Plaintiff unable to service her usual customers, or to service any African-American customers.

11. On or about August 14, 2006, Plaintiff made a complaint with the E.E.O.C. On or about August 16, 2006, Plaintiff contacted Amy Edwards, a supervisor employee of Defendant, Regis, to inform her of the demotion, transfer, and discrimination. On or about August 17, 2006, Ms. Toni Alvarez came to Lee County to investigate the alleged discrimination reported by Plaintiff. Plaintiff informed Ms. Alvarez that she had made an E.E.O.C. complaint. On or about August 18, 2006, Plaintiff was terminated with out notice by Ms. Alvarez. The Defendant's response to the E.E.O.C. complaint, Defendant alleged one of the reasons for Plaintiff's termination was that after Ms. Alvarez's investigation, she determined that no discrimination had occurred, and that Plaintiff made the allegations "maliciously and with out a good faith belief that discrimination had occurred." Plaintiff subsequently filed for unemployment benefits, to which Defendant objected. During various stages of the appeals of Plaintiff's unemployment claim, Defendant, Regis, put forth at least three different explanations for Plaintiff's termination.

## COUNT I, VIOLATION OF 42 U.S.C. § 1981

12. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 11 of this Complaint and incorporates the same as if set out here in verbatim.

13. Plaintiff avers the Defendant's conduct constituted disparate treatment and unlawful racial discrimination against Plaintiff because of her race in violation of 42 U.S.C. §1981. Plaintiff avers the Defendant's actions against the Plaintiff were intentional, performed with malice and/or done with reckless disregard for Plaintiff's federally protected civil rights. As a proximate result thereof, Plaintiff

has lost wages, benefits, and other accrued emoluments associated with her employment, and promotional opportunities and benefits; Plaintiff has been cause to suffer intense emotional distress, embarrassment, humiliation, anxiety and concern; Plaintiff is entitled to the award of back pay, future pay, benefits, consequential and compensatory damages against the Defendant; that the Defendant's conduct was willful, wanton, and/or reckless or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of actual compensatory damages in an amount to be determined by the jury.

14. The Defendant engaged in discrimination against Plaintiff on the basis of her race with malice or reckless indifference to Plaintiff's rights under 42 U.S.C. §1981.

15. The conduct described herein constituted unlawful discrimination against Plaintiff in terms, conditions, and priviledges of employment on the basis of her race in violation of 42 U.S.C. §1981.

16. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Defendant's violation of 42 U.S.C. § 1981.

## COUNT II- TITLE VII RACE DISCRIMINATION

17. Plaintiff realleges paragraphs 1 through 16 of this Complaint and adopts and incorporates the same herein as if set out in verbatim.

18. Plaintiff avers that the Defendant's conduct constituted disparate treatment and unlawful racial discrimination against Plaintiff because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* Plaintiff avers that Defendant's actions of discrimination against Plaintiff were intentional, performed with malice and/or done with reckless disregard to Plaintiff's federally protected civil rights and that as a proximate consequence thereof, she lost wages, benefits, and other accrued emoluments associated with her employment, promotional opportunities and benefits; that Plaintiff has been caused to suffer emotional distress, embarrassment, humiliation, anxiety and concern; Plaintiff is entitled to an award of back pay, future pay, benefits, consequential and compensatory damages against the Defendant; that the Defendant's conduct was willful, wanton, and/or reckless or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of actual compensatory damages in an amount to be determined by the jury.

19. The Defendant engaged in discrimination against Plaintiff on the basis of her race with malice or reckless indifference to Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

20. The conduct described herein constituted unlawful discrimination against Plaintiff in terms, conditions, and priviledges of employment on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

21. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of the Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

22. Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, and other non-pecuniary losses as a direct result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e *et seq*.

## COUNT III

23. Plaintiff realleges paragraphs 1 through 22 of this Complaint and adopts and incorporates the same herein as if set out in verbatim.

24. Plaintiff avers that Defendant discharged her in retaliation for her complaint to the E.E.O.C. in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

25. Plaintiff avers that Defendant's conduct constituted unlawful retaliatory discharge in violation of 42 U.S.C. § 2000e *et seq*. Plaintiff avers that Defendant's actions were intentional and done with malice and/or reckless disregard to Plaintiff's federally protected Civil Rights. As a proximate consequence thereof, Plaintiff has lost wages, benefits, and other accrued emoluments associated with her employment, promotional opportunities and benefits; that Plaintiff has been caused to suffer emotional distress, embarrassment, humiliation, anxiety and concern; Plaintiff is entitled to an award of back pay, future pay, benefits, consequential and compensatory damages against the Defendant. Defendant's conduct was willful, wanton, and/or reckless or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of actual compensatory damages in an amount to be determined by the jury. Plaintiff claims punitive damages because of Defendant's willful, wanton, and reckless conduct.

WHEREFORE, Plaintiff prays that this honorable Court will:

a. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

b. Enjoin the Defendant from engaging in such conduct;

c. Award Plaintiff back pay and benefits from the date of her termination up to the date of any action to reinstate her employment;

d. Award Plaintiff compensatory damages against Defendant that will fully compensate her for mental distress, anguish, pain, suffering and concern that she has suffered as a direct and/or proximate result of the statutory and common law violations of Defendant as set out herein;

e. Enter a judgment against Defendant for such punitive damages as will properly punish Defendant for the statutory and common law violations perpetrated upon Plaintiff as alleged herein, in an amount that will serve as

a deterrent to Defendant and others from engaging in similar conduct in the future;

f.  Award Plaintiff her costs and attorney's fees for the pursuance of this action;

g.  Assume continuing and indefinite jurisdiction in order to ensure compliance with the terms of the orders requested herein;

h.  Grant the Plaintiff such other, further, legal, and equitable relief as it may deem just and appropriate.

Respectfully submitted this 4th day of June, 2006.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES CONTAINED HEREIN, SO TRIABLE.


Benjamin H. Parr  (PAR-112)
Attorney for Plaintiff
410 Second Avenue
Opelika AL 36801
(334)745-3333
Fax (334)745-3155




Defendant's Address for Service:
Regis Corp. Inc.
c/o National Registered Agents Inc.
150 South Perry Street
Montgomery AL 36104

# EXHIBIT
# A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

RECEIVED

2007 JUN -7  A 11: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Ms. Amy Carpenter
P. O. Box 2254
Opelika, AL  36803

Reference:     Amy Carpenter   v.   Hair Masters
               Charge Number 420 2006 04443

Dear Ms. Carpenter:

This correspondence is in reference to the above-styled charge of discrimination and summarizes the facts obtained during the investigation of this charge. You alleged that you were not promoted, were later demoted, were transferred, and were discharged because of your race, Black. You also alleged that you were discharged in retaliation for complaining of discrimination. As you know, the employer denied your allegations.

The investigation revealed no evidence to indicate that Respondent failed to promote you to the position of Salon Manager because of your race. Evidence showed that the employer had legitimate, nondiscriminatory reasons for selecting Kathryn Kilgore and that after Kilgore resigned, you were promoted to the position. Evidence indicated that the employer demoted you a month later because of performance problems. According to the evidence, your were transferred to another salon after your demotion, pursuant to the employer's practice. Finally, the investigation revealed no evidence to indicate that the  employer discharged you because of your race or in retaliation for opposing an unlawful employment action. Evidence showed that after your complaint, the employer investigated the matter. Its investigation revealed numerous policy violations and customer complaints and that you had made the allegations without a good faith in their veracity. Evidence showed that the employer discharged you because of the information which it obtained during its investigation.

Based on this analysis, the Commission cannot conclude that you were subjected to discrimination in violation of Title VII. Enclosed you will find a Dismissal and Notice of Rights signed by the District Director of this office. Please note the indicated time limitations for filing a lawsuit in federal district court.

Sincerely,

8 MAR 2007
_____
Date

_____
Sheri Guenster/Investigator

Enc:  Dismissal and Notice of Rights

**"Exhibit A"**

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Ms. Amy Carpenter**
**P.O. Box 2254**
**Opelika, AL 36803**

From:  **U.S. EEOC**
**Birmingham District Office**
**1130 - 22nd Street South**
**Ridge Park Place, Suite 2000**
**Birmingham, AL 35205**

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2006-04443** | **Sheri Guenster, Investigator** | **205/212-2059** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Delner Franklin-Thomas, District Director

8 MAR 2007

Enclosure(s)

*(Date Mailed)*

cc:  **Ms. Andrea Guenter-Pal**
**In-House Counsel**
**Regis Corporation**
**7201 Metro Blvd.**
**Minneapolis, MN 55439**

**"Exhibit A"**

Enclosure with EEOC
Form 161 (3/98)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**"Exhibit A"**