IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMY CARPENTER,<br><br>    **Plaintiff,**<br><br>v.<br><br>REGIS CORP., INC.,<br><br>    **Defendant.** | Civil Action No.:<br>3:07-CV-00501-WKW-CSC |

### DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW the Defendant, Regis Corporation, incorrectly identified in the Complaint as Regis Corp., Inc. (hereinafter "Regis"), and responds to each paragraph of Plaintiff's Complaint as follows:

### JURISDICTION

1.  Defendant admits that Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. Defendant denies that it has violated either of those statutes. Defendant denies the remaining allegations of Paragraph One.

2.  Defendant admits that this Court has proper subject matter jurisdiction.

3.  Defendant denies that it has committed any unlawful employment practices. Defendant admits that venue is appropriate in the Middle District of Alabama. Defendant denies the remaining allegations of Paragraph Three.

### PARTIES

4.  Defendant admits that Plaintiff is over 19 years of age and is a citizen and resident of Alabama. Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations of Paragraph Four and therefore denies them.

5. Defendant admits that its principal place of business is in Minnesota, and that it is qualified to do business in Alabama. Defendant denies the remaining allegations of Paragraph Five.

## CONDITIONS PRECEDENT

6. Defendant admits that Plaintiff filed a charge of discrimination with the Equal Opportunity Commission, assigned charge No. 420-2006-04443, alleging discrimination on the basis of race and retaliation. Defendant denies the remaining allegations of Paragraph Six.

7. Defendant admits that the EEOC issued a Dismissal Notice and Right to Sue letter on or about March 8, 2007. Defendant admits that Plaintiff filed this lawsuit on June 6, 2007. Defendant denies the remaining allegations of Paragraph Seven.

## FACTS

8. Defendant admits that Plaintiff worked for Hair Masters in Lee County, Alabama. Defendant denies the remaining allegations of Paragraph Eight.

9. Defendant admits that it promoted stylist Kathryn Kilgore (Caucasian) to the salon manager position effective on or about July 1, 2006, but denies that Ms. Kilgore was less qualified than Plaintiff. Defendant admits that Ms. Kilgore voluntarily stepped down from the management position on or about July 11, 2006. Defendant admits that area supervisor Delise Burdette promoted Plaintiff to salon manager on or about July 11, 2006. Defendant asserts that Plaintiff failed to meet the company's legitimate expectations with regard to performance and admits that she was subsequently demoted

on or about August 10, 2006. Defendant denies that Ms. Burdette told Plaintiff that she was being demoted because she attracted "low class" clients to the salon. Defendant denies the remaining allegations of Paragraph Nine.

10. Defendant admits that Plaintiff was transferred to another location following her removal from the salon manager position. Defendant denies the remaining allegations of Paragraph Ten.

11. Defendant admits that Plaintiff was discharged on or about August 17, 2006. Defendant states that its EEOC response and any response to the Alabama Department of Industrial Relations speak for themselves, and to the extent any allegations in the Complaint are inconsistent with those responses, those allegations are denied. Defendant denies the remaining allegations of Paragraph 11.

## COUNT I, VIOLATION OF 42 U.S.C. § 1981

12. Defendant adopts and incorporates its response to each of the allegations contained in Paragraphs 1-12 as if fully set forth herein.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant denies the allegations of Paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

## COUNT II, TITLE VII RACE DISCRIMINATION

17. Defendant adopts and incorporates its response to each of the allegations contained in Paragraphs 1-16 as if fully set forth herein.

18. Defendant denies the allegations of Paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant denies the allegations of Paragraph 22.

## COUNT III

23. Defendant adopts and incorporates its response to each of the allegations contained in Paragraphs 1-22 as if fully set forth herein.

24. Defendant denies the allegations of Paragraph 24.

25. Defendant denies the allegations of Paragraph 25.

Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraphs a-h of her Prayer for Relief or to any other relief from the Defendant.

## ADDITIONAL DEFENSES

In addition to the foregoing, Regis asserts the following additional defenses:

### FIRST DEFENSE

The Complaint fails in whole or in part to state a claim upon which relief can be granted.

### SECOND DEFENSE

With regard to any allegations in the Complaint that involve incidents or actions by Defendant alleged to have occurred or that in fact did occur more than 180 days prior to Plaintiff's filing of her charge with the EEOC, said filing was untimely, and the conditions precedent for suit under Title VII have not been satisfied.

### THIRD DEFENSE

As discovery proceeds, Defendant reserves the right to raise the defense that Plaintiff has failed to satisfy the statutory conditions precedent to suit.

## FOURTH DEFENSE

Upon discovery of sufficient facts, Defendant reserves the right to raise the defense of "unclean hands" or "after-acquired evidence."

## FIFTH DEFENSE

Plaintiff has failed to mitigate her damages.

## SIXTH DEFENSE

Although Defendant denies Plaintiff's race or supposed exercise of civil rights were determinative or substantial motivating factors in any adverse employment action which may be found to have occurred, if Plaintiff demonstrates that her protected characteristic was such a factor, in the case of each such decision or alleged adverse employment action, Defendant will show that the same decision would have been reached regardless of Plaintiff's protected characteristic.

## SEVENTH DEFENSE

With regard to any allegations in the Complaint alleging discriminatory or retaliatory practices of Defendant not specifically contained in the charge that Plaintiff filed with the EEOC or not set out in said charge with the particularity necessary to give Defendant proper notice of the date, place and circumstances of the particular practices alleged to be discriminatory, the conditions precedent for suit under Title VII have not been satisfied.

## EIGHTH DEFENSE

At all times relevant to this suit, Defendant maintained a policy prohibiting unlawful discrimination or retaliation and allowing Plaintiff to seek redress of any alleged discriminatory or retaliatory treatment.  Plaintiff unreasonably failed to make any timely

complaint of such alleged treatment, and Plaintiff's claims against Defendant are thereby barred.

## NINETH DEFENSE

All actions taken in regards to Plaintiff were based upon legitimate, non-discriminatory and non-retaliatory reasons.

## TENTH DEFENSE

Defendant denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to Plaintiff or has been guilty of any conduct which entitles Plaintiff to recover punitive damages.

## ELEVENTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## TWELFTH DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination or retaliation.

## THIRTEENTH DEFENSE

Even if Plaintiff could state a *prima facie* case of discrimination or retaliation, she cannot establish that Defendant's legitimate, non-discriminatory reasons for its actions were a pretext for an intent to discriminate or retaliate against her on the basis of her membership in a protected class or her supposed exercise of her civil rights.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she allegedly suffered was caused by occurrences other than conduct

for which Defendant is liable as a matter of law.

### FIFTHTEENTH DEFENSE

Punitive damages are not available because the actions alleged in the Complaint were contrary to Defendant's policies and good faith efforts to comply with the laws.

### SIXTEENTH DEFENSE

No action of Defendant proximately caused any injury or damage allegedly suffered by the Plaintiff.

### SEVENTEENTH DEFENSE

The Plaintiff's compensatory and punitive damages claims under Title VII are subject to the limitations imposed by 42 U.S.C. § 1981a. Plaintiff's claims under 42 U.S.C. § 1981 should be subjected to the same limitations.

### EIGHTEENTH DEFENSE

Some or all of the Plaintiff's claims may be barred by the doctrines of estoppel, waiver, issue preclusion, or res judicata.

### NINETEENTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable limitations period.

### TWENTIETH DEFENSE

Any factual assertions made in Plaintiff's Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support the allegations.

**WHEREFORE**, Defendant Regis respectfully requests that the allegations of the Plaintiff's Complaint be forthwith dismissed with prejudice and that it be awarded its costs and fees for defending against this action.

7

Respectfully submitted,

s/  Brian R. Bostick
Timothy A. Palmer
Brian R. Bostick
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1900
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900 Telephone
(205) 328-6000 Facsimile
brian.bostick@odnss.com

Attorneys for Defendant Regis Corporation

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of June, 2007, I electronically filed the foregoing Defendant's Answer to Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Benjamin H. Parr.

                                  s/  Brian R. Bostick

                                  Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                                  One Federal Place, Suite 1900
                                  1819 Fifth Avenue North
                                  Birmingham, Alabama 35203-2118
                                  (205) 328-1900 Telephone
                                  (205) 328-6000 Facsimile
                                  brian.bostick@odnss.com