IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMY CARPENTER,<br><br>    Plaintiff,<br><br>v.<br><br>REGIS CORP., INC.,<br><br>    Defendant. | Civil Action No.:<br>3:07-CV-00501-WKW-CSC |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY

COMES the Defendant, Regis Corporation ("Regis" or "Defendant") and files the following opposition to the Plaintiff's Motion to Extend Discovery. Defendant also moves for a Protective Order as to the deposition notices issued by Plaintiff on March 26, 2008, attached hereto as Exhibit A. Defendant states as follows in support of this motion:

1.  This lawsuit was initially filed on June 6, 2007. The Court entered a Uniform Scheduling Order on August 15, 2007, providing that discovery must be completed on or before March 28, 2008.

2.  Plaintiff has had approximately seven months to conduct discovery on her claims. On Wednesday, March 26, 2008, two days before the discovery deadline, Defendant's counsel received the attached deposition notices for three of its management employees (Toni Alvarez, Amy Grace, and Delise Burdette) to be taken in Opelika, Alabama, on the last day of discovery, March 28, 2008. (Exhibit A). The notice gives Defendant only one business day to prepare for these three depositions. Ms. Alvarez lives out of state. Ms. Burdette does not live in Opelika.

3. Fed. R. Civ. P. 30 requires that a party seeking to take a deposition "shall give reasonable notice in writing" to the other party of their intent to take the deposition. Plaintiff failed to meet this requirement. Defendant's counsel received the deposition notices on March 26, 2008. The depositions are noticed for Friday, March 28, 2008, which would give the defendant only one business day to locate and prepare three witnesses to testify. This is not reasonable notice as required by the Federal Rules of Civil Procedure. See In re Stratosphere Corp. Sec. Litig., 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice to nonparty deponent and five days' notice to defendant of deposition of nonparty witness was unreasonably short, especially in light of fact that Plaintiff knew witness planned to contest any taking of his deposition). Further, the Federal Rules would expressly prohibit the use of this deposition at trial because Plaintiff did not provide more than 11 days notice. Fed.R.Civ.P. 32(a)(3)("nor shall a deposition be used against a party who, having received less than 11 days notice of a deposition, has promptly upon receiving such notice filed a motion for protective order under Rule 26(c)(2) requesting that the deposition not be held or be held at a different time or place and such motion is pending at the time the deposition is held"). Therefore, the Defendant requests that the Court issue a protective order holding that Plaintiff not be allowed to take these depositions.

4. At the same time that Plaintiff served these deposition notices, Plaintiff also filed a Motion to Extend the Discovery Deadline until April 30, 2008. This Court's Uniform Scheduling Order provides the following requirements for filing such a motion:

> A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent

>     stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(Uniform Scheduling Order, Section 15).  Plaintiff's motion is the very type of "eleventh hour" extension request and should be denied outright.

   5.   Defendant strongly disagrees with Plaintiff's assertion in her motion that there will be no prejudice if this motion to extend the discovery deadline is granted.  Defendant presently has pending a Motion for Summary Judgment that has not been opposed. Defendant filed its Motion for Summary Judgment on March 4, 2008, and Plaintiff's response was due on March 25, 2008. (August 15, 2007 Order, ¶ 2).  To date, the motion has gone unopposed.  Further, this matter is set for a pretrial conference on June 2, 2008, and there is a current trial setting of June 30, 2008.  This extension will undoubtedly lead to the possibility of the parties having to begin their trial preparations while the summary judgment motion is still under consideration by the Court.

   6.   Plaintiff's counsel has offered no reason as to why they waited to the last minute to notice these depositions, and have not offered any reason for extending the discovery deadline in this matter.

   7.   If the Court allows an extension of the discovery deadline to allow the Plaintiff to take the requested depositions, Defendant requests that discovery be extended for the limited purpose of taking these three depositions, that Plaintiff be required to work with Defendant's counsel to find an agreeable date within the next 30 days to take the depositions, and that the pretrial conference and the current trial setting be moved back at least 60 days.

   **WHEREFORE**, Defendant requests that this Court deny the Plaintiff's Motion to Extend Discovery and requests that the Court enter a protective order holding that Plaintiff not

be allowed to take the requested depositions. In the alternative, if the Court allows such discovery, Defendant requests that the discovery deadline be extended for the limited purpose of taking these three depositions, that Plaintiff be required to work with Defendant's counsel to find an agreeable date within the next 30 days to take the depositions, and that the pretrial hearing and the trial setting be moved back at least 60 days.

                          Respectfully submitted,

                          *s/ Brian R. Bostick*
                          Timothy A. Palmer
                          Brian R. Bostick
                          Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                          One Federal Place, Suite 1900
                          1819 Fifth Avenue North
                          Birmingham, Alabama 35203-2118
                          (205) 328-1900 Telephone
                          (205) 328-6000 Facsimile
                          brian.bostick@odnss.com

                          Attorneys for Defendant Regis Corporation

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 27th day of March, 2008, I electronically filed the foregoing Defendant's Motion for Protective Order and Opposition to Motion to Extend Discovery with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:  Benjamin H. Parr.

              *s/  Brian R. Bostick*
              Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
              One Federal Place, Suite 1900
              1819 Fifth Avenue North
              Birmingham, Alabama 35203-2118
              (205) 328-1900 Telephone
              (205) 328-6000 Facsimile
              brian.bostick@odnss.com



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

AMY CARPENTER,
Plaintiff,

V.                                          CASE NO: 3:07-CV-501-WKW-CSC

REGIS CORP. INC.,
Defendant.

## NOTICE OF TAKING DEPOSITION

To:   Hon. Brian Bostick
      Ogletree, Deakins, Nash, Smoak, & Stewart
      One Federal Place, Suite 100
      Birmingham, Alabama 35203
      Date:       March 28, 2008
      Time:       9:00am, Central Standard Time
      Location:   Ingrum, Rice, & Parr, LLC
                  410 Second Avenue
                  Opelika AL 36801

Please take notice that at the date, time and location indicated above, Hon. Benjamin H. Parr will take the deposition of **AMY GRACE**, pursuant to Rule 30 of the Alabama Rules of Civil Procedure, such deposition to be taken upon oral examination before a court reporter, a notary public, or some other officer authorized by law to administer oaths.

Respectfully Submitted this the 26th day of March 2008.

                                            _____
                                            Benjamin H. Parr   (PAR-112)
                                            Attorney for Plaintiff
                                            410 Second Avenue
                                            Opelika AL 36801
                                            (334) 745-3333
                                            Fax (334) 745-3155

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this day delivered a true and correct copy of the foregoing NOTICE OF TAKING DEPOSITION by placing a copy in the U.S. Mail and properly addressed to Regis Corporation via its' attorney, Brian Bostick at the address below, on this the 26th day of March 2008.

                                                      Benjamin H. Parr
                                                    Attorney at Law
                                                    410 Second Avenue
                                                    Opelika, Alabama 36801
                                                    Telephone Number: (334) 745-3333
                                                    Facsimile Number: (334) 745-3155

Hon. Brian Bostick
Ogletree, Deakins, Nash, Smoak, & Stewart
One Federal Place, Suite 100
Birmingham, Alabama 35203

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMY CARPENTER,<br>Plaintiff, | :<br>:<br>: |
| V. | : CASE NO: 3:07-CV-501-WKW-CSC |
| REGIS CORP. INC.,<br>Defendant. | :<br>:<br>:<br>: |

### NOTICE OF TAKING DEPOSITION

To:  Hon. Brian Bostick
     Ogletree, Deakins, Nash, Smoak, & Stewart
     One Federal Place, Suite 100
     Birmingham, Alabama 35203
     Date:      March 28, 2008
     Time:      9:00am, Central Standard Time
     Location:  Ingrum, Rice, & Parr, LLC
                410 Second Avenue
                Opelika AL 36801

Please take notice that at the date, time and location indicated above, Hon. Benjamin H. Parr will take the deposition of **TONI ALVAREZ**, pursuant to Rule 30 of the Alabama Rules of Civil Procedure, such deposition to be taken upon oral examination before a court reporter, a notary public, or some other officer authorized by law to administer oaths.

Respectfully Submitted this the 26th day of March 2008.

_____
Benjamin H. Parr   (PAR-112)
Attorney for Plaintiff
410 Second Avenue
Opelika AL 36801
(334) 745-3333
Fax (334) 745-3155

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this day delivered a true and correct copy of the foregoing NOTICE OF TAKING DEPOSITION by placing a copy in the U.S. Mail and properly addressed to Regis Corporation via its' attorney, Brian Bostick at the address below, on this the 26th day of March 2008.

                                                 Benjamin H. Parr  
                                                 Attorney at Law  
                                                 410 Second Avenue  
                                                 Opelika, Alabama 36801  
                                                 Telephone Number: (334) 745-3333  
                                                 Facsimile Number: (334) 745-3155

Hon. Brian Bostick  
Ogletree, Deakins, Nash, Smoak, & Stewart  
One Federal Place, Suite 100  
Birmingham, Alabama 35203

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

AMY CARPENTER,  :
   Plaintiff,  :
  :
V.  : CASE NO: 3:07-CV-501-WKW-CSC
  :
REGIS CORP. INC.,  :
   Defendant.  :
  :

### NOTICE OF TAKING DEPOSITION

To:   Hon. Brian Bostick
      Ogletree, Deakins, Nash, Smoak, & Stewart
      One Federal Place, Suite 100
      Birmingham, Alabama 35203
      Date:     March 28, 2008
      Time:    9:00am, Central Standard Time
      Location:  Ingrum, Rice, & Parr, LLC
                  410 Second Avenue
                  Opelika AL 36801

      Please take notice that at the date, time and location indicated above, Hon. Benjamin H. Parr will take the deposition of **DELISE BURDETTE**, pursuant to Rule 30 of the Alabama Rules of Civil Procedure, such deposition to be taken upon oral examination before a court reporter, a notary public, or some other officer authorized by law to administer oaths.

Respectfully Submitted this the 26th day of March 2008.

                                            Benjamin H. Parr   (PAR-112)
                                            Attorney for Plaintiff
                                            410 Second Avenue
                                            Opelika AL 36801
                                            (334) 745-3333
                                            Fax (334) 745-3155

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this day delivered a true and correct copy of the foregoing NOTICE OF TAKING DEPOSITION by placing a copy in the U.S. Mail and properly addressed to Regis Corporation via its' attorney, Brian Bostick at the address below. on this the 26th day of March 2008.

                                                  Benjamin H. Parr
                                                Attorney at Law
                                                410 Second Avenue
                                                Opelika, Alabama 36801
                                                Telephone Number: (334) 745-3333
                                                Facsimile Number: (334) 745-3155

Hon. Brian Bostick
Ogletree, Deakins, Nash, Smoak, & Stewart
One Federal Place, Suite 100
Birmingham, Alabama 35203