IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMY CARPENTER,         : | |
|     Plaintiff,         : | |
|                         : | |
| V.                     : | CASE NO: 3:07-CV-501-WKW-CSC |
|                         : | |
| REGIS CORP. INC.,      : | |
|     Defendant.        : | |
|                         : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER**

**COMES NOW** Amy Carpenter, by and through her undersigned counsel, and files the following response to the Defendant's Motion for Protective Order and in Opposition to Plaintiff's Motion to Extend Discovery, and would show unto the Court as follows:

1. Counsel for Plaintiff and Defendant have been engaged in settlement negotiations and discussions of depositions. Counsel for the Plaintiff requested possible deposition dates from Counsel for the Defendant at the conclusion of the Plaintiff's deposition on Wednesday, January 30, 2008. Deposition dates were never arranged. Defendant's counsel did inform Plaintiff's counsel that he had called to discuss the matter but the undersigned has no record of said phone call. Defendant's counsel was unavailable the end of the week of March 17, 2008. On the morning of March 24, 2008, Plaintiff's counsel and Defendant's counsel discussed again the possibility of settlement and the need for depositions. Plaintiff's counsel then requested then proposed deposition dates in a faxed letter to

      Defendant's counsel, and orally inquired as to whether depositions would be able to be taken this week in order to comply with the discovery deadline. Defense counsel informed Plaintiff's counsel that depositions would not be able to be taken that week.

2. Plaintiff's counsel and Defendant's counsel conducted the required settlement conference, and negotiations continued into Wednesday, March 26, 2008. Late in the afternoon on the 26th of March, 2008, Defendant's counsel faxed a letter to Plaintiff's counsel stating that they would oppose any extension of the discovery deadline and Plaintiff's counsel immediately filed the request to extend said deadline, along with Notice of Taking Depositions for Friday, March 28, 2008. Along with the notices a letter was sent to Defense counsel requesting a phone consultation, at his convenience, to discuss whether or not that date would be acceptable. Plaintiff's counsel would have given far more notice to Defendant's counsel regarding a deposition date; however, the Defendant's failure to provide acceptable dates, as well as the approaching discovery deadline, required immediate action.

3. The extension of one month for depositions is not unreasonable and will not unfairly prejudice the Defendant. The pretrial conference is not set in this case until June 2, 2008; and the trial is not set until June 30, 2008. Defendant's counsels' assertion that Plaintiff's counsel has offered no reason as to why he waited until the last minute to notice depositions is inaccurate.  Counsel have engaged in discussions regarding these

        depositions for some time and simply have not been able to come to terms on a date. Plaintiff's counsel could have noticed depositions for a date selected by him; however, the undersigned was attempting to afford the defendant the opportunity to arrange for all three witnesses to be available on one day, so as to minimize time and expense.

4. Regarding the summary judgment motion assertion in the Defendant's motion, paragraph two of the Court's uniform scheduling order provides that dispositive motions should be filed no later than March 4, 2008, but apparently sets no dates for responses. The Plaintiff's response to the summary judgment motion is almost complete and will be filed no later than close of business Monday, 31 March 2008.

5. Counsel for the Plaintiff does not wish to be unreasonable regarding the depositions, and that was not the intent of the Notice of Taking Depositions sent to Defendant's counsel on the 26th day of March 2008. The failure to agree on a date, and the lack of agreement to extend the discovery deadline prompted Plaintiff's counsel to serve the notices on said date. However, as mentioned, an offer of consultation regarding the dates was provided at the same time.

6. Counsel for the Plaintiff has no objection to the request in the Defendant's motion to limit the extension to the three depositions. Additionally, Plaintiff has no objection to the Defendant's requested rescheduling of the trial date and pretrial conference, though counsel does not believe such delays are necessary. Plaintiff will take the three depositions on the first

available date provided by Defendant, and discovery will be complete.

**WHEREFORE THESE PREMISES CONSIDERED**, the Plaintiff respectfully requests:

1. The Court extend the Discovery Deadline for completion of depositions to April 30, 2008.

Respectfully submitted this the 27th day of March 2008.

        /s/ Benjamin H. Parr        
Benjamin H. Parr (ASB-7490-I37P)
Attorney for Plaintiff
410 Second Avenue
Opelika AL 36801
(334) 745-3333
Fax (334) 745-3155

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this day delivered a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER by electronic filing with the CM/ECF system to Hon. Brian Bostick on this the 27th day of March 2008.

    /s/ Benjamin H. Parr        
Benjamin H. Parr
Attorney at Law
410 Second Avenue
Opelika, Alabama 36801
Telephone Number: (334) 745-3333
Facsimile Number: (334) 745-3155