IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMY CARPENTER,<br><br>　　Plaintiff,<br><br>v.<br><br>REGIS CORP., INC.,<br><br>　　Defendant. | Civil Action No.:<br>3:07-CV-00501-WKW-CSC |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

COMES NOW the Defendant Regis Corporation ("Regis"), by and through its undersigned counsel, and files the following reply to the Plaintiff's Response to Defendant's Motion for Protective Order. Defendant's counsel notes that the Court in its Order referring the relevant motions to the Federal Magistrate Judge for consideration states that the Plaintiff's response "suggests that an extension is necessary because of potential bad faith on the part of opposing counsel." Defendant's counsel states the following in response:

　　1.　　The Plaintiff was deposed at Plaintiff's counsel's office in Opelika, Alabama, on Wednesday, January 30, 2008. At some point during or after the deposition, Plaintiff's counsel advised Defendant's counsel that he would like to take the depositions of Regis Employees Amy Grace, Toni Alvarez, and Delise Burdette. Defendant's counsel suggested that they speak later in the week so that they could both check their calendars for availability. There was no understanding as to who would contact whom, but Defendant's counsel presumed that Plaintiff's counsel would initiate the discussions since it was discovery that he was pursuing (just as Defendant's counsel had taken the initiative to obtain a date for the Plaintiff's deposition).

2.	After two weeks passed, Defendant's counsel had still not heard from Plaintiff's counsel. On the morning of Thursday, February 13, 2008, Defendant's counsel made a telephone call to the office of Plaintiff's counsel, but Plaintiff's counsel was not available. (Exhibit A Legal55 Entries for Feb. 13, 2008: 9:04 am call to (334) 745-3333). Plaintiff's counsel did not return the call.

3.	Plaintiff states in his opposition that "counsel have engaged in discussions regarding these depositions for some time and simply have not been able to come to terms on a date." This statement gives the implication that there were communications back and forth among counsel over the course of the discovery period. This is simply not the case. Defendant's counsel did not receive **any** communication from Plaintiff's counsel from the date of Plaintiff's deposition in January until Monday, March 24, 2008 – five days before the discovery deadline of March 28, 2008. Even after receiving Defendant's motion for summary judgment on March 4, 2008, which contained declarations of Toni Alvarez and Delise Burdette, Plaintiff's counsel still waited until there were only five days left in discovery to contact Defendant's counsel regarding these depositions.

4.	During their conversation on Monday, March 24, 2008, Plaintiff's counsel inquired about the possibility of taking the three depositions on Friday, March 28, 2008. Defendant's counsel advised Plaintiff's counsel that he would not be able to make the witnesses (one of whom lives out of state) available because of the short notice and the workload of Defendant's counsel. Plaintiff's counsel advised that he would be filing a motion to extend the discovery deadline. Defendant's counsel advised that he did not have any authority from the Defendant to agree to such a motion. There were no assurances made by Defendant's counsel on this matter.

5.      The parties engaged in settlement discussions during their conversation on Monday, March 24, 2008. Defendant's counsel did not mislead Plaintiff's counsel in any way in the settlement negotiations to suggest that the case would settle.

6.      After conferring with their client, Defendant's counsel advised Plaintiff's counsel that Defendant would not join in a motion to extend the discovery deadline by letter sent via facsimile on Wednesday, March 26, 2008. Plaintiff later that day filed the motion to extend the discovery deadline and served deposition notices, seeking to schedule the depositions for Friday, March 28, 2008. Defendant then filed its Motion for Protective Order and its opposition to the Motion to Extend the Discovery Deadline.

7.      In conclusion, Plaintiff's counsel orally stated an intention at the Plaintiff's deposition on January 30, 2008, to take the depositions of these three witnesses, but did absolutely nothing to communicate with Defendant's counsel from that point until he made his belated request to depose these witnesses this past Monday, with only five business days left before the discovery deadline.

8.      Defendant respectfully states that the Court's suggestion that this situation was in any way the result of some perceived bad faith by the Defendant is mistaken. Plaintiff failed to take any action toward scheduling the requested depositions in a timely manner from January 30, 2008 until March 24, 2008. The only communication during this time was counsel for Defendant's call, which went unreturned by Plaintiff. Plaintiff's counsel failed to follow up on the conversation at the plaintiff's deposition, failed to return Defendant's counsel's telephone call, and failed to oppose Defendant's summary judgment motion. This situation occurred in spite of Defendant's efforts to communicate with Plaintiff's counsel, not because of it.

Respectfully submitted,


*s/ Brian R. Bostick*
Timothy A. Palmer
Brian R. Bostick
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1900
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900 Telephone
(205) 328-6000 Facsimile
brian.bostick@odnss.com

Attorneys for Defendant Regis Corporation

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of March, 2008, I electronically filed the foregoing Defendant's Reply to Plaintiff's Response to Defendant's Motion for Protective Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Benjamin H. Parr.

                    *s/ Brian R. Bostick*
                    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
                    One Federal Place, Suite 1900
                    1819 Fifth Avenue North
                    Birmingham, Alabama 35203-2118
                    (205) 328-1900 Telephone
                    (205) 328-6000 Facsimile
                    brian.bostick@odnss.com

# Legal55 Entries for Brian R. Bostick
### 2/13/2008

## Entries for Feb, 13, 2008
Uncommitted Time: 6.00 hours

| End Time | Hours | Subject | Client-Matter |
|---|---|---|---|
| 9:04 AM | 0.10 | Outgoing Call to(334) 745-3333 | Unassigned |
| 9:06 AM | 0.10 | ███████████████ | Unassigned |
| 9:16 AM | 0.10 | ███████████ | Unassigned |
| 9:33 AM | 0.10 | ██████████████ | Unassigned |
| 10:11 AM | 1.00 | █████████████ | Unassigned |
| 10:43 AM | 0.10 | ████████████████ | Unassigned |
| 10:58 AM | 0.10 | ██████████ | Unassigned |
| 11:34 AM | 0.10 | ████████████████ | Unassigned |
| 11:39 AM | 0.10 | ██████████████████ | Unassigned |
| 1:26 PM | 1.90 | ██████ | Unassigned |
| 1:32 PM | 0.10 | ████ | Unassigned |
| 1:36 PM | 0.10 | ██████ | Unassigned |
| 1:49 PM | 0.10 | ████████ | Unassigned |
| 1:58 PM | 0.30 | ███████ | Unassigned |
| 2:05 PM | 0.10 | ████████████████ | Unassigned |
| 2:18 PM | 0.20 | █████████████ | Unassigned |
| 2:40 PM | 0.60 | ████ | Unassigned |
| 2:46 PM | 0.70 | █████ | Unassigned |
| 2:48 PM | 0.10 | █████████████████ | Unassigned |



EXHIBIT A