IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

AMY CARPENTER,

     Plaintiff,

v.

REGIS CORP., INC.,

     Defendant.

Civil Action No.:
3:07-CV-00501-WKW-CSC

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

Timothy A. Palmer
Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
(205) 328-1900 Telephone
(205) 328-6000 Facsimile

Attorneys for Defendant
Regis Corporation

## <u>TABLE OF CONTENTS</u>

I.     ARGUMENT ...............................................................................................................1

   A.     Plaintiff's Promotion Claim Fails ...........................................................1

   B.     Plaintiff's Disparate Training Claim Fails...............................................4

   C.     Plaintiff Cannot Meld Her Demotion Claim Into Her Other Discrimination

          Claims .....................................................................................................5

   D.     Plaintiff's Termination Claims Fail ........................................................6

          1.     Plaintiff Has Not Proven a Prima Facie Case of Race Discrimination..........6

          2.     Plaintiff Has Not Proven a Prima Facie Case of Retaliation ........................7

                 a.   Plaintiff Did Not Engage In Protected Activity .....................................7

                 b.   Plaintiff Cannot Prove a Causal Connection Between Her Termination

                      and Her Supposed Protected Expression .................................................11

          3.     Plaintiff Has Not Disputed the Reasons for Her Termination ......................11

II.    CONCLUSION.......................................................................................................14

# I.    <u>ARGUMENT</u>

Plaintiff has offered virtually no evidence and only scant legal arguments in response to Defendant's Motion for Summary Judgment. It is Plaintiff's burden to prove a prima facie case for each claim of discrimination and to prove pretext as to <u>each</u> reason that the Defendant offers for its actions. <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973); <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981); <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). Plaintiff has failed to meet her evidentiary burden.

It is not enough for Plaintiff to merely proclaim in her brief that she has proven pretext or to argue without supporting evidence that a material issue of fact exists with regard to all of her claims. "[M]ere conclusory allegations or denials in legal memoranda . . . are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." <u>Fletcher v. Atex, Inc.</u>, 68 F.3d 1451, 1456 (2d Cir. 1995) (internal quotation marks and citations omitted); <u>see also</u> <u>Mayfield v. Patterson Pump Co.</u>, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment). Plaintiff must offer record evidence that would be admissible at trial to create a dispute on a material issue of fact. Instead, she relies on conclusory allegations, tries to substitute her business judgment for that of Regis, and argues that her own general denial of wrong-doing creates an issue of fact. Eleventh Circuit law compels the conclusion that none of these offerings create a disputed issue of fact. Regis is entitled to summary judgment.

## A.    **Plaintiff's Promotion Claim Fails**

Plaintiff argues that she has proven pretext on her promotion claim because Delise Burdette made the promotion decision based on her subjective belief that Katherine Kilgore possessed superior customer skills. Carpenter also seeks to assert that she was better qualified

1

than Kilgore because she had more consecutive months (seven) of employment at the time of the promotion, whereas Kilgore had only worked four consecutive months since returning to the Company. Neither argument establishes pretext.

The Eleventh Circuit has upheld an employer's right to make promotion decisions based on "personal qualities," such as one's ability to get along with customers, particularly in supervisory jobs, such as a Salon Manager position. Denney v. City of Albany, 247 F.3d 1172, 1186 (11th Cir. 2001) (citation and internal quotations omitted) (quoting Chapman v. A.I. Transport, 229 F.3d 1012, 1033-34 (11th Cir. 2000) (en banc)). "A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion." Id. at 1186.

Regis' evidence shows Burdette decided Kilgore was the best qualified candidate because she had approximately 15 months of experience with the company, working as a stylist, and had demonstrated successful customer service skills during that time. (Burdette Decl., ¶ 5). Kilgore had previously worked for Regis from approximately October of 2004 until August of 2005 and was subsequently rehired in February of 2006. (Burdette Decl., ¶ 5). Burdette had first-hand knowledge of the customer service skills of both candidates through her work with them. (Burdette Decl., ¶¶ 3-5). The evidence of customer complaints against Carpenter further supports Burdette's belief that Kilgore was better qualified.[1] Regis clearly met its burden of offering evidence as to why Kilgore was selected. Springer v. Convergys Customer Mgmt. Group Inc., 509 F.3d 1344, 1349-50 (11th Cir. 2007)("We find that Patrice London, in her testimony describing her first-hand experience with the candidates, provided a sufficiently

---

[1] Plaintiff seems to suggest that the only complaints that exist are those made to the corporate office, (Plaintiff's Brief, at 4), but Burdette testified that she was aware of other complaints against Carpenter that did not go through the corporate office. (Burdette Decl., ¶ 9).

specific factual basis for her opinion that Susan Johnson was the more qualified candidate for the promotion.")

The mere fact that Plaintiff may believe she is better qualified than Kilgore does not create an issue of fact. In an employment discrimination case, the "inquiry into pretext centers upon the employer's beliefs, and not the employee's own perceptions of [her] performance." Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997).

At the time Burdette made this promotion decision, Carpenter had only worked for Regis Corporation for approximately seven months. (Burdette Decl., ¶ 5). Carpenter tries to argue that she was better qualified than Kilgore because, under her preferred criteria for promotion, she had a longer stint of consecutive months of employment with Regis at the time of the promotion decision. Carpenter says this should have been given the most importance in the promotion decision. In attempting to demonstrate pretext, Carpenter's argument clashes with the Eleventh Circuit's command that a Plaintiff may not "recast an employer's proffered nondiscriminatory reasons or substitute [her] business judgment for that of the employer." Chapman, 229 F.3d at 1030. It was Kilgore's demonstrated customer service skills, not merely her length of service, that resulted in her promotion. (Burdette Decl., ¶ 5). Carpenter cannot create a material issue of fact by merely arguing that she would have used different criteria than her employer.

Finally, Carpenter has failed to show that the disparities between Kilgore's and her own qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." Cooper v. So. Company, 390 F.3d 695, 732 (11th Cir. 2004) (citation omitted); see also Ash v. Tyson Foods, Inc., 546 U.S. 454, 457 (2006) (approving of this language from Cooper). Therefore, there is no legal justification for an argument of pretext, and her promotion claim should be dismissed.

3

**B.    Plaintiff's Disparate Training Claim Fails**

Defendant has presented the Court with Eleventh Circuit case law holding that alleged deficient training that does not adversely affect the Plaintiff's employment status in a substantial way does not support a discrimination claim.  See Mack v. ST Mobile Aero. Eng'g, Inc., 195 Fed. Appx. 829, 845-46 (11th Cir. 2006) (unpublished)("An adverse employment action must involve an ultimate employment decision . . . or other conduct that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him . . . of employment opportunities, or adversely  affects his . . . status as an employee. Mallory did not produce any evidence that MAE's . . . failure to train him on the computer had any adverse affect on his employment."), aff'd, 199 F.3d 443 (11th Cir. 1999); Merriweather v. Alabama Department of Public Safety, 17 F. Supp. 2d 1260, 1271 (M.D. Ala. 1998)(plaintiff failed to establish a prima facie case of disparate treatment arising from non-selection for training courses where she did not show that the training "affected or could affect her salary, chances of promotion, ability to perform her job, or any other aspect of her employment."); Fitzhugh v. Topetzes, No. 1:04-cv-3258-RWS, 2006 U.S. Dist. LEXIS 62630, at *24 2006 WL 2557921. *7 (N.D. Ga. Sep. 1, 2006)("Other than identifying the fact that she was denied such training, Plaintiff fails to state how, or even if, that denial affected her salary, title position, or job duties. The denial of training, without more, does not constitute an adverse employment action.").  Plaintiff has not offered any case law to the contrary.

Carpenter does not allege a denial of training; she merely alleges that Burdette did not initially spend as many consecutive days in the store as she had previously spent with Kilgore. Burdette disputes this assertion. (Burdette Decl., ¶ 8). Nonetheless, Plaintiff has offered no evidence that this constitutes an adverse employment action. Plaintiff claims in her brief that

Plaintiff testified that "Carpenter's lack of training contributed to her demotion," and cites to page 205 of her deposition. (Plaintiff's Brief, at 5). Plaintiff's testimony does not support this assertion: "I feel that race had a lot to do with me not being given the position in the beginning and not being trained properly and then being demoted." (Carpenter Depo., at 205:7-10).

It is undisputed that Carpenter admits that Burdette provided her with initial training and provided her with several materials that explained Carpenter's management duties, Burdette's expectations of a manager, and guidelines as to how to clean the store, how to open the store, how to keep the store organized, how to properly make deposits and what are the expectations of a manager. (Carpenter Depo., at 33:6-35:14, Ex. 6). Importantly, Carpenter admits that the materials provided her with a clear understanding of what was expected of her as a manager. (Carpenter Depo., at 35:9-14). Given this admission, there is no evidence that Plaintiff's employment was adversely affected by any supposed difference in training. Further, there is no evidence that any alleged difference in training was caused by race discrimination.

## C.      Plaintiff Cannot Meld Her Demotion Claim Into Her Other Discrimination Claims

Plaintiff asserts in her brief that "[w]hile the demotion might not stand alone as a cognizable act of discrimination, when viewed in the series of discriminatory actions committed by the Defendant, the circumstantial evidence presented by Carpenter clearly creates a genuine issue of material fact to submit the issue to the jury." (Plaintiff's Brief, at 6). The U.S. Supreme Court has made clear that discrete acts of discrimination must be considered separately: "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" National Railroad

Passenger Corp. v. Morgan, 122 S.Ct. 2061, 2073 (2002).  Plaintiff's attempt to merely meld her demotion claim into claims based on separate discrete employment decisions must fail.

Burdette testified that she demoted Carpenter after she learned that Carpenter had violated the company's time clock and scheduling policies by bringing her children to work; leaving the salon during her shifts (while remaining on the clock) to go home to care for her children; scheduling stylists for fewer evenings or weekends than required; and frequenting the salon without authorization when the business was closed. (Burdette Decl., ¶ 9).  In addition, during the short period that Carpenter managed the salon, Carpenter had an excessive number of customer complaints which she was unable to appropriately resolve at the salon level. (Burdette Decl., ¶ 9).  Burdette legitimately concluded that Carpenter should be demoted based on these performance issues.  Plaintiff has not sought to challenge these stated reasons for the demotion and therefore her demotion claim must fail.  See Chapman, 229 F.3d at 1025 (noting that plaintiff must rebut each of the employer's proffered reasons for its challenged action) (emphasis added) (citing Combs v. Plantation Patterns, 106 F.3d 1519, 1529 (11th Cir. 1997), cert. denied, 522 U.S. 1045 (1998)).

**D.    Plaintiff's Termination Claims Fail**

**1.    Plaintiff Has Not Proven a Prima Facie Case of Race Discrimination**

Plaintiff incorrectly states that "Defendant does not dispute that Plaintiff has made a prima facie case . . ." (Plaintiff's Brief, at 8).  Defendant clearly asserted such an argument with regard to both her discrimination claim and her retaliation claim for her termination, (Defendant's Brief, at 27-30), and Plaintiff should be deemed to have abandoned these claims by not responding to Defendant's arguments.  See e.g., Wilkerson v. Grinnel Corp., 270 F.3d 1314, 1322 (11th Cir. 2001) (finding claim abandoned when argument not presented in initial response

6

to motion for summary judgment); <u>Bute v. Schuller International, Inc.</u>, 998 F. Supp. 1473, 1477 (N.D. Ga. 1998)(finding unaddressed claim abandoned). Further, Carpenter has not offered any evidence to dispute Toni Alvarez's findings from her investigation.

It is Plaintiff's burden to prove that she was treated differently than persons outside her protected class. <u>Jones v. Gerwens</u>, 874 F.2d 1534, 1538 (11th Cir. 1989). Plaintiff has failed to present evidence of disparate treatment. <u>See</u> <u>Maniccia v. Brown</u>, 171 F.3d 1364, 1369 (11th Cir. 1999)(affirming grant of summary judgment for employer and noting that employee could not establish a prima facie case because he failed to point to any persons outside the protected class who were treated more favorably than her). Carpenter has failed to point to any Caucasian employees who were accused by her co-workers of lying, making false accusations against co-workers, charging customers more than Regis' listed price, attempting to manipulate her co-workers to lie during an investigation, and fraudulently misrepresenting a reference letter from a co-worker. (Alvarez Decl., ¶ 18). Absent evidence that she was treated differently than persons who were accused of committing the same or similar misconduct, her claim should fail.

**2.      Plaintiff Has Not Proven a Prima Facie Case of Retaliation**

**a.      Plaintiff Did Not Engage In Protected Activity**

Carpenter seeks to rely on what she told Toni Alvarez in their conversation on August 17, 2006, as the basis for her supposed protected activity.[2] Carpenter claims that she told Alvarez that she had made a call to the EEOC during their conversation. Carpenter does not recall whether she told Alvarez the substance of her call to the EEOC, or merely reported that she had made the call. (Carpenter Depo., at 174:3-176:20). Carpenter says only that she may have told

---

[2] Carpenter also argues in her brief that she complained of discrimination in her August 16 telephone conversation with Amy Edwards. The record does not support this assertion. Carpenter testified that she could not say under oath that she complained of race discrimination in her call to Amy Edwards on August 16, 2006. (Carpenter Depo., at 148:4-150:23).

Alvarez that she called the EEOC because she had not been allowed to bring her tools or her ethnic hair products to the new salon. (Carpenter Depo., at 176:21-177:7). Carpenter did not tell Alvarez that she felt her demotion or her write-up from the day before, or any other employment action, was based on her race. (Carpenter Depo., at 177:8-17).

Carpenter seeks to rely on hand-written notations made on an unauthenticated EEOC "Charge Detail Inquiry" as evidence of what Plaintiff told to Alvarez. This evidence should not be considered by the Court for several reasons. The document is not authenticated. There is no evidence before the Court as to who prepared this document or more importantly when it was made. There are entries on the form for August 15, 2006, and August 31, 2006. There is no record evidence to conclude that the handwritten entries relate to a conversation that took place on August 15 as opposed to August 31 as opposed to any other possible date thereafter. Plaintiff has not identified who could authenticate these handwritten notes and has not identified any witnesses from the EEOC. Therefore, these "hearsay" statements by some unidentified person should not be considered by the Court. See Macuba v. Deboer, 193 F.3d 1316, 1324-25 (11th Cir. 1999) (although evidence that is otherwise admissible may be accepted in an inadmissible form at summary judgment stage, hearsay could not be reduced to admissible form).

Nonetheless, the relevant inquiry is what Plaintiff said to Alvarez during their conversation. See, e.g., Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1197 (11th Cir. 1997)("In a case involving a corporate defendant the plaintiff must show that the corporate agent who took the adverse action was aware of the plaintiff's protected expression. . . ."); Brungart v. BellSouth Telecommunications, Inc., 231 F.3d 791, 799 (11th Cir. 2000)("A decision maker cannot have been motivated to retaliate by something unknown to him."), cert. denied, 532 U.S.

1937 (2001). This unauthenticated document does not even purport to represent notes of what Carpenter told Alvarez.

To engage in protected activity under the "opposition clause," the law requires more than a general statement by Plaintiff that she has called the EEOC to constitute protected activity.[3] The Eleventh Circuit's decision in Brown v. City of Opelika is instructive concerning the level of specificity required to bring an informal expression within the protections of Title VII's opposition clause. See 211 Fed. Appx. 862, 863 (11th Cir. 2006) (unpublished). In Brown, the Eleventh Circuit affirmed the district court's summary judgment ruling on a Title VII retaliation claim in favor of the employer where the employee argued that her statement to a superior that she "wanted to make a complaint of 'harassment'" constituted protected activity. See id. at 863-64; Brown v. City of Opelika, No. 3:05-CV-236-W, 2006 WL 1515836, *4 (M.D. Ala. May 30, 2006). Affirming the judgment, the Eleventh Circuit explained that there was no evidence that, when making her complaint, the employee referred to "racial discrimination or harassment" or "mentioned the word 'race'" and that the employee "never voiced a complaint that the City was engaged in an unlawful employment practice." Brown, 211 Fed. Appx. at 211; see also Jeronimus v. Polk County Opportunity Council, 145 Fed. Appx. 319, 326 (11th Cir. 2005) (plaintiff did not engage in Title VII protected activity when he complained of being "singled out" and being subjected to "harassment" and a "hostile environment" because plaintiff did not "suggest[]" that his "treatment was in any way related to his race or sex").

---

[3] Plaintiff does not address Defendant's arguments regarding the "Participation Clause" and appears to proceed with her claim solely under the "Opposition Clause" based on her communications to Alvarez. She has not challenged the holding of EEOC v. Total Sys. Servs., See EEOC v. Total Sys. Servs., 221 F.3d 1171, 1174 n.2 (11th Cir. 2000)("[A]t a minimum, some employee must file a charge with the EEOC (or its designated representative) or otherwise instigate proceedings under the statute for the conduct to come under the participation clause."). Plaintiff should be deemed to have abandoned that argument. See supra at 6-7.

The same result is required here.  Plaintiff did not testify that she contended to Alvarez that her race was a factor in any of the employment decisions over which she is now suing. (Carpenter Depo., at 148:4-140:23, 177:8-17).  She did not tell Alvarez that she had been subject to any adverse employment action because of her race. (Id.).  At most, she said that she was upset because she had not been allowed to bring certain tools and ethnic hair products to the store.  The mere fact that Plaintiff may have referenced "ethnic products" is simply not the same as saying "I am being treated differently because of my race."  The latter will support a retaliation claim, the former will not.  In addition, to engage in protected activity, the employee must actually oppose the conduct made unlawful under Title VII.

The Eleventh Circuit's holding in Coutu v. Martin County Bd. of County Commissioners, 47 F.3d 1068, 1074 (11th Cir. 1995), confirms this point.  The Eleventh Circuit held that a filed grievance did not amount to statutorily protected activity where the written grievance contained a conclusory allegation of racial discrimination, but during the hearing, the plaintiff made no allegation and offered no proof of discrimination. The Court concluded that unfair treatment alone does not qualify as an unlawful employment practice under Title VII, absent evidence of discrimination based on some unlawful category.  Thus, the mere fact that an employee makes a conclusory allegation of discrimination (or makes mention of making a telephone call to the EEOC), without any opposition, is not protected activity.  To accept Carpenter's interpretation of the "opposition" clause would require the removal of the word "opposed" from the retaliation provision of Title VII.  See 42 U.S.C. § 2000e-3(a). For these reasons, Plaintiff did not engage in protected activity under Title VII.

**b.    Plaintiff Cannot Prove a Causal Connection Between Her Termination and Her Supposed Protected Expression**

The court in <u>Chen v. County of Orange</u> provided a frank discussion concerning one purpose of the causal link requirement:

> [T]he possibility of a retaliation claim creates the problem of conferring a de facto immunity on the complainant despite poor job performance or the meritlessness of any complaint. Consider a hypothetical of a ne'er-do-well employee who wants to manipulate the system to his or her advantage: "Not doing your job well? Ax about to fall? Never fear: file a discrimination claim, no matter how meritless. Your employer will be afraid to take any action because now you can sue for retaliation."

96 Cal. App. 4th 926, 948 (Cal. App. 4th Dist. 2002); <u>see also</u> <u>Kiel v. Select Artificials, Inc.</u>, 169 F.3 1131, 1136 (8th Cir. 1999)("Although contesting an unlawful employment practice is protected conduct, the anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the workplace.").  It is certainly not a coincidence that Plaintiff was the subject of two customer complaints only a day before she made her complaint to Amy Edwards. (Alvarez Decl., ¶¶ 3, 11)(Burdette Decl., ¶¶ 13-14).

Additionally, as stated in its principal brief, "close temporal proximity between two events, standing alone, is not a panacea, absent any other evidence that the employment decision was causally related to the protected activity." <u>Hankins v. Airtran Airways, Inc.</u>, 237 Fed. Appx. 513, 520 (11th Cir. 2007).  Because there is a significant intervening event in the form of Alvarez's discovery of reported misconduct by Carpenter during her investigation, Plaintiff cannot establish a prima facie case for her retaliation claim.

**3.    Plaintiff Has Not Disputed the Reasons for Her Termination**

Plaintiff was discharged based upon Alvarez's discovery of misconduct made during an investigation of Carpenter's claims of unfair treatment.   The Eleventh Circuit upholds an

employer's right to conduct an investigation and to conclude that false statements have been made: "[W]hether to fire an employee for lying to the employer in the course of the business's conduct of an important internal investigation is basically a business decision; this decision, as with most business decisions, is not for the courts to second-guess as a kind of super-personnel department." EEOC v. Total Systems, 221 F.3d 1171, 1176 (11th Cir. 2000).

Defendant identified numerous pieces of evidence that supported Alvarez's conclusion that Carpenter had engaged in misconduct. First, Salon Manager Amy Grace told Alvarez that Carpenter had lied about Burdette's involvement in the African-American customer incident on August 15, 2006, when she claimed Burdette refused to bring Marcel irons to perform the service. (Alvarez Decl., ¶ 11). Grace also reported that she had observed an incident of overcharging customers by Carpenter. (Alvarez Decl., ¶ 12). Grace also told Alvarez that Carpenter had altered and misrepresented the nature of her reference letter. (Alvarez Decl. ¶ 16, Ex. 2). Plaintiff does not offer any evidence or argument to dispute that Grace accused her of this misconduct.

Shannon Martin told Alvarez that Carpenter was trying to get her to lie to Alvarez during the investigation. (Alvarez Decl., ¶ 13). Both Martin and Christy Boatright expressly denied hearing comments allegedly made by Burdette (that Carpenter was "low class" and was demoted because she "kept fucking up people's color") that Carpenter claimed they could corroborate. (Alvarez Decl., ¶ 13-14). Boatright confirmed that Carpenter was not following proper scheduling practices and was leaving the store while she was still on the clock. (Alvarez Decl., ¶ 14). Both employees said that Carpenter had said she was calling her customers to encourage them to complain about Burdette and the company. (Alvarez Decl., ¶ 14). Both denied ever hearing Burdette say that Carpenter could not take her ethnic products to the Tiger Town store as

12

Carpenter had claimed.  (Alvarez Decl., ¶¶ 13, 14).  Again, Carpenter offered nothing to dispute the reports of Martin or Boatright.

There is no suggestion that Amy Grace, Shannon Martin, or Christy Boatright reported Carpenter's misconduct based upon some discriminatory motive, and Alvarez was entitled to rely upon what those employees reported to her.  See Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991)("That the employee did not in fact engage in misconduct reported to the employer is irrelevant to the question whether the employer believed the employee had done wrong.")(citations omitted).

The relevant inquiry is whether Alvarez had a good faith belief that Carpenter committed misconduct when she discharged her, not whether Carpenter actually committed misconduct.  The Eleventh Circuit has discussed this critical distinction in the case of Elrod v. Sears, Roebuck & Co., 939 F.2d 1466 (11th Cir. 1991).  In Elrod, the plaintiff contended that the employer's stated reason for termination (i.e., Elrod's alleged sexual harassment of another employee) was pretextual and that he was actually discharged because of his age in violation of the ADEA.  Id. 939 F.2d at 1470.  Just as here, Elrod focused his evidence on his general denial of the alleged misconduct, and he sought to prove that the co-workers who implicated him were mistaken.  But the Eleventh Circuit made clear that such efforts missed the point:

> We must make an important distinction before proceeding any further.  Much of Elrod's proof at trial centered around whether Elrod was in fact guilty of the . . . allegations leveled at him by his former co-workers.  We can assume for purposes of this opinion that the complaining employees interviewed by [the employer] were lying through their teeth.  The inquiry . . . is limited to whether [the employer] believed that Elrod was guilty . . ., and if so, whether this belief was the reason behind Elrod's discharge.

Elrod, 939 F.2d at 1470 (emphasis in original).  Given that Plaintiff's only offer of evidence to dispute the reports of misconduct made by her co-workers is her mere denial of wrong-doing,

summary judgment is warranted on both her discrimination and her retaliation termination claims.

There was abundantly sufficient information provided to Alvarez during her investigation to allow her to conclude that Carpenter had engaged in misconduct. Her co-workers had accused her of lying, misrepresenting the reference letter, overcharging customers, and trying to manipulate her co-workers to lie for her. Carpenter makes no attempt to dispute these reports of misconduct or to challenge that Alvarez relied upon them in good faith. Therefore, her termination claims should be dismissed.

## II.    CONCLUSION

For all the foregoing reasons, Regis is entitled to summary judgment on all of the Plaintiff's claims. Regis respectfully requests that this Court grant its Motion for Summary Judgment, dismiss this case with prejudice, and award Regis its costs in defending against this case.

Respectfully submitted,


*s/ Brian R. Bostick*
Timothy A. Palmer
Brian R. Bostick
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1900
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900 Telephone
(205) 328-6000 Facsimile
brian.bostick@odnss.com

Attorneys for Defendant Regis Corporation

14

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 14th day of April, 2008, I electronically filed the foregoing Defendant's Reply Brief in Support of Its Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Benjamin H. Parr.

*s/  Brian R. Bostick*
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1900
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900 Telephone
(205) 328-6000 Facsimile
brian.bostick@odnss.com

15